FILED

MAY 10 2006

ARLEN B. COYLE, CLERK
By [signature] Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Charles Torns, Jr.,
Plaintiff

v. CASE NO. 4:06CV75-M-D

MDOC; et al., Kathryn McIntyre, Law Library Technician,
Christopher B. Epps, Defendant
Commissioner For M.D.O.C.

PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

A. Legal name: Charles Torns, Jr.,

B. Name under which sentenced: same as above

C. Inmate identification number: 32205

D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): Unit C-1, Area II, P.O. Box 1419, Leakesville, Mississippi 39451

E. Place of confinement:

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

Name: Kathryn McIntyre

Title (Superintendent, Sheriff, etc.): Technician For MDOC & MSP ILAP

Defendant's mailing address (street or post office box number, city, state, ZIP) P.O. Box 10, Parchman, Mississippi 38738

Name: Richard Paul Pennington

Title (Superintendent, Sheriff, etc.): Director For MDOC & MSP ILAP

Defendant's mailing address (street or post office. box number, city, state, ZIP) P. O. Box 10 Parchman, Mississippi 38738

Name: Lawrence Kelly

Title (Superintendent, Sheriff, etc.): Superintendent For MSP

Defendant's mailing address (street or post office box number, city, state, ZIP) P. O. Box 1057 Parchman, Mississippi 38738

Name: Larry C. Hardy

Title (Superintendent, Sheriff, etc.): MDOC & MSP ARP Claims Adjudicator

Defendant's mailing address (street or post office box number, city, state, ZIP) P. O. 609 Parchman, MS 38738

(If additional Defendants are named, provide on separates sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment? [X] Yes [ ] No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

A. Parties to the lawsuit:

Plaintiff(s): Charles Torns, Jr.

Defendant(s): Burchfield; Pennington; Epps; Wilson; Kelly

B. Court: USDC Northern District C. Docket No.: 03-CV-410-P-D

D. Judge's Name: Pepper; Davis E. Date suit filed: 10-29-2003

F. Date decided: Pending G. Result (affirmed, reversed, etc.): See 2a.

5. Is there a prisoner grievance procedure or system in the place of your confinement? [X] Yes [ ] No

6. If "Yes," did you present to the grievance system **the same facts and issues** you allege in this complaint? (See question 9, below). [X] Yes [ ] No

7. If you checked "Yes" in Question 6, answer the following questions:

Continuation Of Question 4, paragraphs F and G, pages 2a

Pending as it pertains, Docket No. 03-CV-410-P-D, this action was dismissed in this Court, and ensuing Appeal pending in the 5th Circuit, Court Of Appeals - No. 04-60767

As with the other Lawsuits, plaintiff filed in this Court in Docket Numbers, 4:00-CV-85-D-D and 4:01-CV-296-P-D, were dismissed in this Court, for technical reasons, and ensuing Appeals pending in the 5th Circuit Court Of Appeals, No. 05-61143

A. Does the grievance system place a limit on the time within which a grievance must be presented? [X] Yes [ ] No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? [X] Yes [ ] No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

That plaintiff on or about June 27, 2005 requested Tower-Officer D. Huggins to call the ILAP, who did so, and informed Kathryn McIntyre of this quest for an ARP deadline, in which McIntyre acknowledged and responded saying that she would come to Unit 29-K where plaintiff was housed. However, that McIntyre, and rather than Coming to the Unit 29-K, call the Unit 29-K, and advised officer Stark, that plaintiff give this ARP Complaint over to them, Huggins or Stark, and that she, McIntyre would pick this Complaint up at the Unit 29's front-gate and Control Area, Thus was the procedure plaintiff followed, In forwarding this Complaint on the above stated date of June 27, 2005, Though the Complaint was completed and signed June 25, 2005, and deadline, was a Saturday, which is everything and all required to present grievances,

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

As stated herein above, paragraphs C., and pursuant to MDOC's §47-5-801, plaintiff timely initiated his grievance, but to this date, plaintiff has received no response, from no MDOC officials, and specifically the defendants enumerated in the instant Civil Rights Complaint, thus the only result is no response, to which as a duty, the defendants owes to the plaintiff. See Exhibits "A" attached hereto.

**Special Note**: Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

N/A

9. Write below, as briefly as possible, the **facts** of your case. Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

1. That the Defendants and all times in relevance to this Complaint are being sued in their individual and official capacities and that the defendants have conspiringly, concertedly acted one to the other, and then carried out, acting under color of United States and State Laws during all times in relevance to this complaint, violated the Plaintiff's fundamental due process and Equal Protections of the Laws, in violations of 1st, 5th, 8th, and 14th Amendments of The United States Constitutions.

(Continued Next Page, Statement Of The Claims, Pages 4 a.);

Continuation of Question 9, pages 4a.

2. That the plaintiff on or about July 20, 2004, listing as defendants, K. McIntyre, Richard Paul Pennington and Donald A. Cabana, swore out and filed a criminal Affidavit with the Clerk and Circuit judge Betty W. Sanders. However, resulting in a response the Circuit judges Law Clerk, instructing the plaintiff to file this Criminal Affidavit with the Circuit clerk's office. Thus, on August 11, 2004 plaintiff filed the Criminal Affidavit with Mrs McFadden

3. That the plaintiff on or about March 27, 2005 submitted an offender Request Form, to the Unit 29 Area I, Warden, Mr. Dwight Presley, complaining about Legal Services, as plaintiff a physical disabled, at Unit 29-K was receiving by and from McIntyre, . Thus, the complaint was turned over to Unit 29 Commander Clifton Bailey, who after a personal interview With the plaintiff and provided a memorandum dated April 14, 2005, then permitting plaintiff and other offenders to return to the housing zone to complete their legal documents and then turn them into the ILAP personnell, Whereas, prior to the April 14, 2005 memorandum, plaintiff and by McIntyre when receiving legal services was forced to stand on his feet, while trying to properly complete

( Cont. of Question 9, pages 4 b.);

Continuation Of Question 9, pages 4b.

and fill out plaintiff's Legal court-papers, subjecting plaintiff to excruciating pains and disrupting the efficiency when filling out the plaintiff's court papers to be submitted the Courts and governments.

4. That plaintiff on or about March 30, 2005, in No. 03-60469 USDC No. 4:71-cv-6, filed a complaint in this Judge, complaining of MDOC ILAP pennington and mcIntyre's conducts, denying plaintiff's rights of access to the Courts.

5. That plaintiff on or about April 21, 2005 in No 03-60469 USDC No. 4:71-cv-6 and supported by Affidavit of another offender denying plaintiff rights of access to the Courts. While in the Confines 18 USCA 3626. this Court had no occasions to rule on either the March 30, 2005 or April 21, 2005 complaints, and plaintiff was transferred August 3, 2005 to SMCI, while moot now, plaintiff at the times in question endured violations of his civil rights and the offender who sworn affidavit, attached plaintiff April 21, 2005 complaint and in support, specifically stating conduct of McIntyre of violating plaintiff's constitutional civil rights.

6. That the plaintiff on or about March 23, 2005 Listing as defendants, Kathry McIntyre, Richard P. Pennington, and Larry C. Hardy swore out and filed a Criminal Affidavit with U.S. Attorney, Jim Greenlee, and subsequent a Writ of Mandamus to this Judges' Court, no actions was taken, but in No. 1:05 MC 14-JAD this Judge taking the notice, to enter Order on July 18, 2005 denying to issue a writ of Mandamus, However against the U.S. et al., as defendants and indicative of the defendants Listed in the Criminal Affidavit. Filed March 23, 2005.

7. That the plaintiff on or about June 24, 2005 Listing as defendants, MDOC, ET AL., Martin Rutledge, Barbara Crocker And Other Jane, John, requested Unit 29-K, Tower-Officers to call the ILAP, who did so, and informed Kathryn McIntyre of plaintiff's request for an ARP complaint, deadline

(Continuation Of Question 9, pages 4c.)

Continuation Of Question 9, pages 4C.

in which McIntyre acknowledged and responded, saying that she would come to Unit 29-K, where plaintiff was housed, and purposes of plaintiff's delivering and filing the ARP complaint in the above stated cause, herein Paragraphs 7. That a MDOC ILAP staff on or about June 24, 2005, did come to Unit 29-K, and the plaintiff did turn over his complaint, However, as with the complaint plaintiff filed on June 27, 2005, plaintiff has received no response.

8. That in regards paragraphs 6, herein, that plaintiff on or about October 27, 2004 Listing as defendants, MDOC et al., Mrs. Ethel Carlise, disciplinary hearing official for MSP, plaintiff turned over his RVR Appeal to Kathryn McIntyre, for forwarding to Mr. Larry C. Hardy, However, plaintiff has received no reponse.

9. That the subsequent submitting his May 8, 2005 request to ILAP Director, richard paul pennington, and prior to May 12, 2005, plaintiff received notice from Kathryn McIntyre, that plaintiff would not be receiving no Legal services, for plaintiff's failing to sign his name on the request form dated May 8, 2005. Thus, on May 12, 2005 upon McIntyre's entry of Unit 29-K, to provide Legal services, and within the close proximity of the incidents, listed in paragraphs 1 through 8, the plaintiff entered the hall-area at Unit 29-K, and requested to McIntyre, that plaintiff be provided Legal assistance, and the Request form dated May 8, 2005 in which plaintiff submitted requesting legal assistances. McIntyre refused to provide plaintiff's a copy of his request form dated May 8, 2005, put provided the plaintiff with an Envelop, which plaintiff sent his pleading to the Sunflower County Circuit Clerk's office, requesting information whether the Clerk had received the Criminal Affidavits, plaintiff through McIntyre, had mailed on April 13, 2005. That after McIntyre's providing plaintiff this Legal assistance, McIntyre then wrote the plaintiff a Rule Violation Report, for violating Rule #11, No. 637049-1-133-30. But, as their was none, McIntyre gave the plaintiff no warnings prior to writing and having this RVR Issued to plaintiff on May 12, 2005.

10. That subsequent an investigation, on or about May 25, 2005 on and in RVR #637049-1-133-30, a disciplinary hearing was held before Lt. Brenda Brown, and as the witness, Off. D. Huggins plaintiff had Listed, and plaintiff statements, the RVR was dismissed, and based on the findings, there was'nt no argument, and that McIntyre had asked and provided the plaintiff Legal services.

(Continuation Of Question 9, pages 4d.)

Continuation Of Question 9, pages 4d.

11. That as of results, of McIntyre's writing, having the plaintiff issued RVR #637049-1-133-30, and with no responses from the Complaints, plaintiff feared, suffered head-aches, and extreme mental anguish, for exercing his rights to petition the government and the Courts, and feared for the punishments and Loss of his prison privileges, as result of being written and issued this RVR May 12, 2005, in the Courses of requesting legal assistance, and exercing plaintiff civil rights, and constitutional rights of access to the Courts, and plaintiff continued to fear that he might be punished in the future for requesting legal assistances, from the defendants, for exercing his Civil Rights and Constitutional Rights of access to the Courts, petitioning the government and the Courts, for redress.

Claims

12. That the defendants acts and/or omissions in paragraphs 1 through 11, have retaliated, falsely accused and maliciously prosecuted, and subjected the plaintiff to extreme mental anguish, pains and suffering, cruel and unusual punishments and violated the plaintiff's substantive Due process and Equal Protection Rights under First, Fifth, Eighth and Fourthteenth of the United States Constitutions and State Laws of Mississippi, and Constitutions.

13. That the defendants have acted one with each other, conspired, and agreed with each other and did acting under color of State and United States Laws, acting in an agreement one with each other, carrying out, violated the Plaintiff's First, Fifth, Eighth and Fourteenth Amendments Constitutional Due Process and Equal Protection Rights, retaliating against the Plaintiff; when (a) They in a conspiracy, one to each other, agreed one to each other, and carried out, acting under color of law, and failed not to, but wrote and issued the plaintiff a false and unjustified Prison Rule Violation Report [RVR] #637049-1-133-30, with the evil design and intent to punish the plaintiff, for plaintiff requesting and being provided his requests for legal services on May 12, 2005 and only after the plaintiff's receiving such legal services, such as being provided and an envelope and mailing to the Sunflower County Circuit Clerk's office; (b) failed not to, but falsely accused and maliciously initiated the prosecution, by writing and issuing a false and unjustified RVR # 637049-1-133-30, on May 12, 2005 and for plaintiff's requesting and being provided his request for legal services, and exercing his rights of access to the courts; (c) failed not to, but caused the plaintiff to be put in fear, suffer head-aches and extreme mental anguish, by writing and issuing the plaintiff RVR # 637049-1-133-30, for the plaintiffs requesting and being provided his requests to legal services, for exercising his rights to petition the government and the Courts and fearing for the punishments and loss of plaintiff's prison privileges, and resulting in the plaintiff's continuing to be in fear, that he might be punished in the future

(Continuation Of Paragraphs 9 question, pages 4e.

Continuation Of Question 9, pages 4e.

for requesting legal assistances, from the defendants, for exercising the plaintiff's civil rights and constitutional rights of access to the courts, petitioning the government and the courts; (d) failed to process and grant the plaintiff any responce, through the MDOC's Administrative Remedy Procedures, from plaintiff's delivering his Complaint to the ILAP, on or about June 27, 2005; (e) failed to adequately train, and supervise the MDOC's ARP staff and employees; (f) failed to adequately train and supervise the MDOC's ILAP staff and employees (g) failed to provide plaintiff an adequate and meaningful grievance procedures and process, to preserve and present the plaintiff's complaints, challenging unconstitutional conditions of confinements, and prison officials conducts, acts and/or omissions, in which violates the plaintiff's civil and constitutional rights

----- End Of continuation Of Question 9. ---- --- --- -----

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

Grant plaintiff an immediate injunction and/or temporary restraining Order and/or hearing there-upon; and/or ordering that plaintiff for appearing at any court appearances in which the plaintiff must be transferred from the SMCI prison facility, that U.S. Marshall services be charged with transferring the plaintiff to the Court-house, or that the U.S. Marshall Services be commanded to, and provide escort, escorting and Directing the MDOC's transporting vehicle, transporting the plaintiff to the Courts, for the safety and well-being of the plaintiff while being transported; Grant plaintiff an Order declaring that the defendants have in their individual and official capacities, have violated the plaintiff's civil and constitutional rights as set forth in the plaintiff's instant 1983 Civil Rights Complaint; Grant and/or Appoint plaintiff competent Legal counsel; Grant plaintiff a Jury-trial;

Grant plaintiff the sum of Sixteen Thousand Dollars, against each of the defendants in Punitive damages;

Grant plaintiff the sum of Sixteen Thousand Dollars against each of the defendants in compensatory damages.

Wherefore, on The Premise, grant the plaintiff any such other good and equitable reliefs the Courts deems plaintiff is entitled

This Complaint was executed at (location): Unit C-1, Area II, Leakesville, Ms 39451

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: May 8th, 2006

Charles Jones Jr.

Plaintiff's Signature

**THIS IS A REQUEST FOR AN ADMINISTRATIVE REMEDY PROCEDURE**

CHARLES TORNS, JR., Plaintiff

V. Cause Number ________

MDOC, [illegible] Defendants

Comes Now, Charles Torns, Jr., # 32205 plaintiff pro se, and files this complaint seeking [illegible] trial and seeking declarative, injunctive and monetary relief. And in support thereof, would show the following facts to-wit;

[illegible]

The ARP procedure is now, [illegible] with jurisdiction over the [illegible] and subject [illegible], [illegible]-701, (1972), [illegible]

1. [illegible] and [illegible]

[illegible]

2. [illegible] at Unit 29 [illegible] (ILAP) [illegible] legal mail, [illegible] Report [illegible] Interfering unnecessarily [illegible] running of facility, and by the [illegible] RVR #637940-[illegible].

3. [illegible] Disciplinary Hearing conducted by and before [illegible], who and based on Officer [illegible] statement found the plaintiff not guilty as charged in RVR # 637940-1-133-30.

[illegible]

A. Grant plaintiff compensatory damages of [illegible] Thousand Dollars against

Plaintiff's Exhibits "A"

Pages 1 of 3

each of the defendants.

B. Grant plaintiff punitive damages of Sixteen Thousand Dollars against each of the defendants.;

C. Grant the plaintiff any such other good and equitable reliefs the plaintiff is entitled.

[illegible] day of June, 2005.

cc: [illegible]

[illegible]

Charles Toms Jr (signature)

[illegible]

Note: On or about June 27, 2005, officer D. Huggins call the ILAP, and informed Kathryn McIntyre, of This Quest for an ARP deadline. IN which McIntyre did acknowledged, and responded saying that she would come to Unit 29-K, However, that McIntyre, rather than coming to the Unit, called the Unit, and advised officer STARK, that I give this RVR/ARP over(2) to them.. and that McIntyre would pick this Complaint up at the Unit 29 Front-gate and control Area. - Thus, was the procedure I followed IN Forwarding this complaint on the above stated date of June 27, 2005...

Pages 2 of 3

(MSP) X (CWC) ______
(CMCF) ______ (SMCI) ______
(OTHER) ______

MISSISSIPPI DEPARTMENT OF CORRECTIONS

RVR # 637049
1-133-30

## RULE VIOLATION REPORT

(Unit Admin. Initial) BB  A Zone / Tier  29K Unit  50 Cell / Bed #

Offender Charles Turns MDOC# 32265 Violated Rule # 11 . Entitled Interfering with the orderly running of facility Date 5-12-05 Approx. Time 1345 Hrs.

By the specific act of interfering with ILAP activities.

Weapon involved ______ Yes ✓ No EXACT location of incident Unit 29K - hallway

**CIRCUMSTANCES AND DETAILS** On the above date and time, I, Kathryn McIntyre was rendering ILAP services, when offender Charles Turns #32265 approached the hallway and proceeded to "argue" over whether his ILAP request form had been properly filled out and why he was denied services for this week.

Reporting Employee's Signature Kathryn McIntyre Title Paralegal PIN# 1541 Date 5/12/05 Time 14:02

Evidence ______ Yes ✓ No- Located ______ . Placed in Segregation - PDA ✓ No ______ Yes- Location ______

---

I request investigation and witness(es) ✓ Yes ______ No

Witness(es) (1) Officer Huggins (2) ______

Unless waived, you are hereby notified that a hearing will be held within, no less than, twenty-four (24) hours and no more than (7) working days

I waive the right to a Hearing ______ Yes ✓ No

ACCUSED Charles Turns DELIVERING EMPLOYEE Lt. [illegible] DATE 5/12/05 TIME 1405 hrs

---

**Working days between date of violation and hearing** 8 . **If more than seven (7) working days, explain:** ______
Investigation

---

**Is accused offender in Trusty Status** ______ **Yes** ______ **No** **Does accused offender receive Earned Time** ______ **Yes** ______ **No**

**Name of Persons at Hearing - Accused** Charles Turns **Hearing Officer** Lt. Brenda Brown

**Other** ______

**Accused's response** ______ **Admit** ______ **Admit w/ modifications** ✓ **Deny** **Accused's Statement** because there wasn't a argument and she denied me legal service

**Documents read and discussed** ✓ **RVR** ✓ **Investigation** ______ **Witness Statements** ______ **Other** ______

**FINDINGS:** ______ **Guilty** ✓ **Not Guilty** **Reason for Findings:** based on Officer Huggins statement that she ask for your paper work and you gave it to me

**PUNISHMENT:** None

**Reason (s)** ______ **Seriousness of offense** ______ **The need to protect the institution, employees or others** ______ **Poor conduct record**

**Other** ______

**A total of** 1 **Rule Violations in** 05 . **A total of** ______ **Rule Violations for Rule #** ______ .

**Signature:** Lt. Brenda Brown **Date:** 5/25/05
**Hearing Officer**

**Appeal may be filed within 30 days with Legal Claims Adjudicator, c/o ARP, P.O. Box 609, Parchman, MS. 38738, after receipt of the Disciplinary decision.**

**Offender Signature:** X Charles Jorns ? **Date:** 5/25/05

Pages 3 of 3

**Signature of Reviewing Superintendent/Warden/CSD/Designee:** ______ **Date:** ______

---

**Custody Reduction** ______ **to** ______ **Date** ______ **Signature** ______

**Due to guilty finding on the RVR, offender is ineligible to continue to receive Trusty Earned Time/ Remove from Trusty Status/ Trusty Earned Time effective** ______ **Signature** ______

**Loss of Earned Time** ______ **Approved** ______ **Disapproved**

**Commissioner of Corrections or Designee**

Original with All Attachments - Records  1st Copy - Offender  2nd Copy - Working File  3rd Copy - Reporting Employee

Revised 10/01