# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHARLES TORNS**                                                **PLAINTIFF**

**v.**                                                           **No. 4:06CV75-M-D**

**M. D. O. C., ET AL.**                                        **DEFENDANTS**

## ORDER OF DISMISSAL

The *pro se* prisoner plaintiff Charles Torns, inmate number 32205, in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correctional Institution, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

The court must ensure that the plaintiff has exhausted his administrative remedies with the Mississippi Department of Corrections before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not completed the three-step administrative remedy program, arguing that he was not allowed to complete the process. This argument is without merit, as the grievance process requires the plaintiff to complete all three steps, even without a response – and sets forth the method for doing so.

---

[1] 28 U.S.C. § 1915(g).

Thus, this case is hereby **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

This, the 15th day of June, 2006.

                                       /s/ Michael P. Mills
                                       **UNITED STATES DISTRICT JUDGE**